829 F.2d 1120
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert L. HERRING, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 86-1252
 United States Court of Appeals, Fourth Circuit.
 Submited Aug. 31, 1987.
Decided Sept. 24, 1987.
 
 Robert L. Herring, pro se.
 Richard Wilcox Pierce, Assistant United States Attorney, for appellee.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Robert Herring filed this civil action against William French Smith and the United States Department of Justice asserting that the defendants had denied him access to all documents in their possession relating to him and the "Carter Vesco Grand Jury Case." The district court dismissed the action as to defendant Smith but required that the Justice Department process Herring's requests under the Freedom of Information Act and the Privacy Act. Due to the massive nature of the files the court allowed the defendants several months to comply with its order.
 
 
 2
 At the expiration of the allotted time, Herring filed a motion requesting that the court order the defendants to provide a detailed inventory of all relevant documents and a detailed explanation as to why certain documents were exempt from release. Herring also moved for production of specific documents for in camera inspection. In response the defendants noted that in camera inspection of these documents was not proper until the court determined that other discovery mechanisms were insufficient to resolve what documents should be disclosed. The district court entered an order stating:
 
 
 3
 1. That the defendant Criminal Division of the United States Department of Justice shall file within sixty days a Vaughan affidavit on documents 98 through 157.
 
 
 4
 2. That the plaintiff shall file within sixty days a memorandum concerning disclosure of record 158, which was withheld as Grand Jury material, setting forth the reasons disclosure is needed to avoid a possible injustice in another judicial proceeding; showing the need for disclosure is greater than the need for continued secrecy; and showing that his request is structured to cover only materials needed as above.
 
 
 5
 Herring filed two notices of appeal from this order.
 
 
 6
 Under 28 U.S.C. Sec. 1291, this Court has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. " ' Coopers & Lybrand v. Livesay, 473 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).
 
 
 7
 The court order in this case was merely a directive to both parties to file other documents; thus, final judgment had not been entered at the time the appeal was taken.
 
 
 8
 Accordingly, we dismiss this appeal for lack of jurisdiction. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 9
 DISMISSED . , . --. .